*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0870**

In the Matter of the Welfare of: A. A. A., Child.

**Filed April 6, 2026**
**Affirmed**
**Ross, Judge**

Carver County District Court
File No. 10-JV-24-105

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant Public Defender, St. Paul, Minnesota (for appellant A.A.A.)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mark Metz, Carver County Attorney, Martha E. Mattheis, Senior Assistant County Attorney, Chaska, Minnesota (for respondent State of Minnesota)

Considered and decided by Ross, Presiding Judge; Johnson, Judge; and Bratvold, Judge.

**NONPRECEDENTIAL OPINION**

**ROSS**, Judge

Juvenile A.A.A. brandished a kitchen knife to ward off his drunk stepfather in their kitchen after the two fought in the garage. Facing charges of second-degree assault with a dangerous weapon, misdemeanor assault (fear), misdemeanor domestic assault (attempted harm), and threats of violence, A.A.A. maintained at his bench trial that brandishing the knife was a justified act of self-defense. The district court rejected the defense and found A.A.A. guilty of only the first two charges. In this appeal in which A.A.A. argues that the

evidence does not support the guilty verdict, we affirm the district court's basis for rejecting A.A.A.'s claim of self-defense because we defer to the district court's credibility finding that he lacked an honest belief that he was in imminent danger.

**FACTS**

Because seventeen-year-old A.A.A.'s appeal rests on his argument that the state's evidence does not disprove his self-defense claim, we describe the facts in the light most favorable to the district court's verdict. *See State v. Griffin*, 887 N.W.2d 257, 263 (Minn. 2016). The district court heard evidence supporting the following account.

When A.A.A.'s mother returned home after work one evening in May 2024, she found A.A.A.'s stepfather drunk in their kitchen. Hearing the two argue, A.A.A. came into the kitchen from his bedroom. When he heard his stepfather curse at his mother, he intervened in her defense, demanding that his stepfather not speak to her that way. Like his mother, A.A.A. could tell his stepfather was intoxicated.

A.A.A. left the kitchen and entered the attached garage. He began smashing a case of beer onto the floor. His stepfather, enraged, stormed into the garage, grabbed A.A.A. around the torso, and slammed him onto the hood of a car. He then wrestled A.A.A. to the floor and mounted him. But A.A.A. bested his stepfather, rolling on top of him in a dominant fighting position. His mother then entered the garage and separated them.

A.A.A. and his mother walked into the kitchen, and his stepfather followed behind. That's when A.A.A. grabbed a chef's knife from a butcher's block, raised it above his head, and turned toward his stepfather, who was standing at the other end of the kitchen with A.A.A.'s mother standing between them. A.A.A. said something to the effect of, "You

2

want to mess with a . . . mentally ill kid, go for it." His stepfather then turned away, walked out of the house onto the patio, and sat down.

Three deputies arrived, investigated, and arrested both A.A.A. and his stepfather. The state filed a juvenile-delinquency petition charging A.A.A. with second-degree assault with a dangerous weapon in violation of Minnesota Statutes section 609.222, subdivision 1 (2022), domestic assault as intent to cause fear in violation of Minnesota Statutes section 609.2242, subdivision 1(1) (2022), domestic assault as an attempt to cause bodily harm in violation of Minnesota Statutes section 609.2242, subdivision 1(2) (2022), and felony threats of violence in violation of Minnesota Statutes section 609.713, subdivision 1 (2022). The district court set the case for trial.

A.A.A. argued at his bench trial that he pulled the knife in self-defense. He testified on his own behalf, stating at times that he felt afraid that his stepfather would attack him or his mother after they returned inside the house and at other times that he felt "anger and rage." The state also introduced the body-camera footage of the responding deputies, which captures A.A.A. telling one of them that he was about to "absolutely start mauling" his stepfather in the garage, implying that he would have done so had his mother not intervened.

The district court rejected A.A.A.'s self-defense claim. It found that, although the state failed to disprove that he was not the initial aggressor, A.A.A. did not have an actual and honest belief that he or his mother was in physical danger, such a belief would not have been reasonable under these circumstances, and A.A.A. responded with too much force by brandishing a knife. The district court found A.A.A. guilty of second-degree assault and

domestic assault (fear) but not guilty of the other charged offenses. It continued A.A.A.'s charges without adjudicating him delinquent, conditioned on probationary terms for six months.

A.A.A. appeals.

**DECISION**

A.A.A. asks us to reverse the district court's decision finding him guilty, arguing that the evidence is insufficient to disprove that he brandished the knife in self-defense or in defense of his mother from his stepfather. He bases this argument on the requirement that, once a defendant meets the burden of production to present a self-defense claim, the burden shifts to the state to disprove it. *State v. Baker*, 13 N.W.3d 401, 409 (Minn. 2024). We review the record to determine whether the facts and legitimate inferences drawn from them support the guilty verdict. *Griffin*, 887 N.W.2d at 263. For the following reasons, A.A.A.'s argument does not lead us to reverse.

The state presented sufficient evidence to defeat A.A.A.'s claim of self-defense. A self-defense claim typically involves four elements: (1) the defendant was not the initial aggressor; (2) the defendant had an "actual and honest belief" that he was in imminent danger; (3) the defendant's belief was reasonable; and (4) the defendant could not reasonably avoid the danger by retreating. *Baker*, 13 N.W.3d at 409; *see also* Minn. Stat. § 609.06, subd. 1(3) (2022). A defense-of-others defense follows similarly but focuses on whether the defendant acted reasonably in defending another person. *See State v. Valdez*, 12 N.W.3d 191, 198–99 (Minn. 2024). The state defeats the defendant's self-defense claim

4

if it disproves even one of the four elements. *Baker*, 13 N.W.3d at 409–10. We focus here on the second element—an actual and honest belief of imminent danger.

We must affirm the district court's rejection of A.A.A.'s self-defense claim because we are bound by its credibility determination that A.A.A. did not actually believe that his stepfather placed him or his mother in imminent danger. It is rare that a defendant testifies against his own mental state affecting a *mens rea* element, but it occurred here. A.A.A.'s testimony that he felt "anger and rage" when he drew the knife and his contemporaneous statement that, before his mother separated him from his stepfather during the garage fight, he was about to "absolutely start mauling" his stepfather support the district court's factual finding that A.A.A. lacked an actual and honest belief that he or his mother was in imminent danger of harm. We recognize that A.A.A. also stated that he feared that his stepfather would attack him or his mother and that these statements would support a factual finding that his concern about danger was actual and honest. But we do not find facts on appeal or resolve inconsistencies in the evidence bearing on the facts. We instead approach the facts under a deferential standard that requires us to assume that the fact-finder disbelieved any testimony conflicting with the verdict. *State v. Leake*, 699 N.W.2d 312, 319 (Minn. 2005). As we are in no position to second-guess the district court's determination that A.A.A. testified credibly to his anger but incredibly to his fear, we cannot reverse the district court's finding that the state disproved this element. And because the state need disprove only one element of a self-defense claim to defeat it, we must affirm the verdict.

We are not persuaded otherwise by our recognition that the state failed to disprove the remaining elements of A.A.A.'s self-defense claim. The record supports the district court's assessment that his stepfather was clearly the original aggressor and that neither A.A.A. nor his mother had a duty to retreat, as they were in their own home. *See State v. Glowacki*, 630 N.W.2d 392, 402 (Minn. 2001). Given his stepfather's state of intoxication and his apparently unprecedented, violent overreaction to A.A.A.'s destruction of his beer, a factual basis existed to support A.A.A.'s assertion that he believed that he was in imminent danger even though the garage fight had ended. His stepfather was no less intoxicated when the trio entered the kitchen and he had given A.A.A. no reason to assume that his disproportionately enraged emotions had dissipated. And while defendants must use a reasonable degree of force when acting in self-defense, *Baker*, 13 N.W.3d at 409, A.A.A. presents a plausible argument that his knife-brandishing may have been reasonable here as a means of discouraging his stepfather from reinitiating a violent attack on him. We do not address these issues, however, because the district court's credibility determination, which is not clearly erroneous, precludes the need for any further analysis.

**Affirmed.**